**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**AMY BEATY,**

**Plaintiff,**

**vs.** **No: ____________________**

**JURY DEMANDED**

**ERIC BEATY,**

**Defendant.**

---

## COMPLAINT

---

COMES NOW the Plaintiff, Amy Beaty, (hereinafter also referred to as "Plaintiff" or "Ms. Beaty"), and brings this Complaint against Defendant, Eric Beaty, (hereinafter also referred to as "Defendant" or "Mr. Beaty"). Plaintiff brings this action for the Defendant's violation of the Stored Communications Act, the Electronic Communication Privacy Act, and the Computer Fraud and Abuse Act, in relation to Defendant unauthorized electronic access to Plaintiff's private electric data and information.

In addition to asserting claims and causes of action based on the foregoing federal statutes, Plaintiff also asserts claims and causes of action arising from Tennessee statutory law and common law that are pendant to her federal claims and causes of action, thus providing this Honor Court supplemental jurisdiction to adjudicate Plaintiff's claims based upon state law causes of action. Plaintiff makes the following allegations and statements in support of her Complaint:

## JURISDICTION, PARTIES, AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 by virtue of the federal questions presented in this Cause.

2. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy as set forth more particularly below.

3. Plaintiff, Amy Beaty, is an adult resident citizen of Shelby County, Tennessee.

4. Defendant, Eric Beaty, is an adult resident citizen of Shelby County, Tennessee, and can be served with process at his residence located at 99 Red Acres Place, Memphis, Tennessee 38111, Shelby County, Tennessee.

5. Venue is proper in the Western District of Tennessee by virtue of the location of the occurrences giving rise to this Cause in this judicial district and more specifically in Shelby County, Tennessee, as set forth more particularly below.

## FACTUAL ALLEGATIONS

6. Ms. Beaty and Mr. Beaty were previously married.

7. Plaintiff and Defendant were married on December 1, 2018.

8. On April 24, 2025, Plaintiff brought a Complaint for Divorce against Defendant in the Circuit Court of Shelby County, Tennessee at Memphis.

9. The divorce action was assigned Shelby County Circuit Docket Number CT-1630-25 and assigned to the Honorable Judge Gina C. Higgins of Division IV of the Circuit Court of Shelby County, Tennessee.

10. In addition to certain monetary issues, the divorce involved issues of child custody involving the parties two (2) minor children.

11. On April 1, 2026, a Permanent Parenting Plan Order and Final Decree of Divorce were entered by the Court concluding the divorce action.

12. Through the pendency of the divorce, Ms. Beaty and Mr. Beaty continued to reside in the same residence with the parties' minor children.

13. Ms. Beaty utilized her personal computer that she purchased for her own personal activities.

14. The computer that is the subject of this litigation was not a "family computer."

15. After the divorce was initiated, and to ensure her ability to privately communicate with third parties, including her divorce counsel, Plaintiff changed her security password on her computer, and various other accounts, to ensure that Defendant would not have access to her electronic data.

16. At no time after the divorce action was initiated, on April 24, 2025, did Ms. Beaty ever grant Mr. Beaty authorization to access any of her accounts, including accounts for email, direct messaging, and text communication.

17. At no time following the initiation of the divorce action on April 24, 2025, did Ms. Beaty ever share any passwords and/or access codes to her electronic devices, email accounts, direct messaging accounts, or text messaging accounts with Mr. Beaty.

18. Plaintiff, under no circumstances, would have ever granted consent or authority to Defendant to access any of her stored electronic data during the pendency of

the divorce or after the entry of the Final Decree of Divorce as she utilized electronic communication to communicate with her divorce counsel.

19. At times relevant to this Complaint, Ms. Beaty utilized cloud-based storage for certain electronic data storage purposes.

20. In direct violation of both Federal and State statutory prohibitions, Mr. Beaty unlawfully accessed certain electronic data and/or electronic information of Ms. Beaty.

21. Upon information and belief, Defendant obtained access to Plaintiff's electronic data through Plaintiff's personal laptop computer.

22. Although Plaintiff is still assessing the nature and extent of Defendant's unlawful access to electronic data, Defendant's own admissions and utilization of unlawfully obtained electronic data demonstrate that Mr. Beaty not only viewed but unlawfully copied electronic data to which he was not authorized to access.

23. Not only has Defendant violated both State and Federal law, but Defendant, even as of the time of filing this Complaint, continues to utilize illegally obtained electronic data, representing ongoing violations giving rise to additional damages including specific liquidated damages for each and every unlawful utilization of illegally obtained information.

24. Plaintiff asserts that Defendant has violated both State and Federal statutes not only when originally illegally securing access to and duplication of electronic data, but for each and every time that data was shared with third parties.

25. Mr. Beaty has, on multiple occasions, discussed the content of Plaintiff's electronic data with third parties including Plaintiff's sister, Cindy Krutz, and Dr. Lou

Martin, serving as a counselor and/or therapist and/or mental health professional with regard to the parties' minor children incident to the divorce action.

26. Defendant has gone so far as to "publish" illegally obtained electronic data by exhibiting illegally obtained text communication between Plaintiff and third parties to Defendant's post-divorce filings with the Shelby County Circuit Court.

27. Domestic relations counsel for Ms. Beaty has, in writing, expressed concern and provided unequivocal notice to Mr. Beaty's domestic relations counsel that Defendant unlawfully gained access to electronic data, with Plaintiff's domestic relations counsel specifically expressing concern that Defendant "may have violated Federal and State laws" by accessing the electronic data.

28. Even after providing specific and unequivocal notification to Defendant, through his domestic relations attorney, Mr. Beaty has continued to pursue post-divorce action in State Court utilizing unlawfully obtained electronic data, representing an ongoing violation of statutory prohibitions against the utilization of such data.

29. With this Complaint, Mr. Beaty is provided specific and unequivocal notice that he is to preserve all information, data, documents, devices, and any and all other information that shows the actions he took in obtaining Plaintiff's electronic data.

30. Upon information and belief, and based on an analysis of certain text message communication between Plaintiff and third parties that Mr. Beaty has exhibited to certain State Court filings, it appears that Defendant utilized a camera, most likely on a cell phone or computer, to take photographs of Ms. Beaty's laptop computer screen to unlawfully duplicate her text message communication with third parties.

31. This Complaint places Mr. Beaty on notice that he is to preserve all electronic devices and data that show the method that he obtained the text message communication between Plaintiff and third parties and any and all other electronic data that he obtained from Plaintiff.

32. Failure of Mr. Beaty to preserve this critical electronic data will be seen as willful spoliation of evidence and demonstrate the intentional, willful, and deliberate destruction of evidence.

33. As of the filing of this Complaint, Mr. Beaty continues to utilize unlawfully obtained electronic data in his prosecution of a Petition, scheduled for a hearing in the Circuit Court of Shelby County, Tennessee, at Memphis, for November 12, 2026, a hearing that relates to certain pleadings that exhibit unlawfully obtained electronic data.

34. Defendant's deliberate and willful continuation to utilize illegally obtained electronic data demonstrates an unequivocal disregard for both State and Federal law, even when his unlawful conduct has been explicitly noted to his domestic relations counsel.

35. The scope of Mr. Beaty's unlawful and unauthorized access to Plaintiff's electronic data has yet to be fully ascertained.

36. The evaluation of the extent of Mr. Beaty's access to electronic data, including the potential that Defendant has had the opportunity and access to information as sensitive as attorney/client communication, is ongoing.

37. Mr. Beaty did not have permission and/or authorization to utilize or access Plaintiff's electronic data and/or electronic information.

38. Mr. Beaty never asked for or otherwise sought permission from Ms. Beaty to utilize Plaintiff's personal computer for any purpose including, but not limited to, accessing Plaintiff's electronic data and/or electronic information.

39. At the time that he unlawfully obtained Plaintiff's electronic data, Mr. Beaty did not have permissive access to codes and/or passwords to any of the electronic accounts utilized by, owned by, and/or controlled by Ms. Beaty including, but not limited to, email and text messaging accounts and accounts utilizing cloud-based storage.

40. Upon information and belief, the electronic data and/or electronic information that Defendant accessed, without authorization, included, but was not limited to, communication, in the form of emails and text messages between Plaintiff and third parties, and said communication was sent and received with an expectation of privacy.

41. Defendant attempted to conceal his unauthorized access of Plaintiff's personal and private electronic data and/or electronic information.

42. Defendant did not have authorization, either expressed or implied, to view the electronic communication between Plaintiff and third parties to whom Plaintiff had directed electronic communication or received electronic communication.

43. Defendant, without permission or authority, utilized the computer, owned by Plaintiff, to access electronic data and/or electronic information that was stored on the servers of third parties who had not granted authorization to Defendant to view such information.

44. The conduct of Defendant was in direct violation of State law and Federal law.

45. Defendant improperly and illegally accessed electronic communication that occurred between Tennessee residents and that originated in and was received while the parties to the communication were in Tennessee.

46. Mr. Beaty intentionally, knowingly, and deliberately accessed Plaintiff's private, personal, and protected electronic data information without Plaintiff's permission.

47. Defendant improperly and illegally accessed Plaintiff's electronic data and/or electronic information and said unauthorized access directly and proximately caused injuries and damages to Plaintiff.

## CAUSES OF ACTION

### COUNT ONE: VIOLATION OF THE STORED COMMUNICATIONS ACT

48. The allegations set forth in the previous paragraphs of this Complaint are hereby incorporated by reference and restated herein, verbatim.

49. By deliberately accessing Plaintiff's electronic data and/or electronic information and email accounts without authorization, Defendant intentionally accessed a facility, the company, and/or companies providing cloud-based data storage and/or hosting email servers, through which electronic communication service is provided, without authorization, in violation of 18 U.S.C. § 2701(a)(1), a provision of the Stored Communications Act.

50. By deliberately accessing Plaintiff's electronic data and/or electronic information and/or electronic communication, Defendant intentionally accessed a facility and/or company through which electronic communication service is provided and

obtained and/or altered stored electronic communication in violation of 18 U.S.C. § 2701(a)(2), a provision of the Stored Communications Act.

51. By deliberately accessing Plaintiff's electronic data and/or electronic information and/or electronic communication, Defendant intentionally accessed a facility through which electronic communication service is provided and prevented authorized access to stored electronic communication in violation of 18 U.S.C. § 2701(a)(2), a provision of the Stored Communications Act.

52. As a direct and proximate result of Defendant's knowing and intentional violation of the Stored Communications Act, Plaintiff has sustained damages and/or is entitled to an award of statutory damages pursuant to 18 U.S.C. 2707, a provision of the Stored Communications Act.

53. Defendant's conduct was knowing, intentional, and willful such that Plaintiff is entitled to an award of punitive damages and attorney fees pursuant to 18 U.S.C. § 2707(c)(3), a provision of the Stored Communications Act.

## COUNT TWO:
## VIOLATION OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT

54. The allegations set forth in the previous paragraphs of this Complaint are hereby incorporated by reference and restated herein, verbatim.

55. By deliberately accessing Plaintiff's electronic data and/or electronic information and/or electronic communication without authorization, Defendant intentionally intercepted electronic communication in violation of 18 U.S.C. § 2511(1)(a), a provision of the Electronic Communications Privacy Act.

56. As a direct and proximate result of Defendant's knowing, intentional and willful violation of the Electronic Communications Privacy Act, Plaintiff has sustained

damages and/or is entitled to an award of statutory damages pursuant to 18 U.S.C. § 2520, a provision of the Electronic Communications Privacy Act.

57. Defendant's conduct was knowing, intentional, and willful such that Plaintiff is entitled to an award of punitive damages and attorney fees pursuant to 18 U.S.C. § 2520(b), a provision of the Electronic Communications Privacy Act.

**COUNT THREE:**
**VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT**

58. The allegations set forth in the previous paragraphs of this Complaint are hereby incorporated by reference and restated herein, verbatim.

59. By deliberately accessing Plaintiff's electronic data and/or electronic information and/or electronic communication without authorization, Defendant intentionally accessed a computer without authorization and obtained information in violation of 18 U.S.C. § 1030(a)(2), a provision of the Computer Fraud and Abuse Act.

60. As a direct and proximate result of Defendant's knowing, intentional and willful violation of the Computer Fraud and Abuse Act, Plaintiff has sustained damages and is entitled to an award of damages pursuant to 18 U.S.C. § 1030(g).

61. As a direct and proximate result of Defendant's knowing, intentional, and willful violation of the Computer Fraud and Abuse Act, Plaintiff has sustained economic damages and/or loss in excess of $5,000.00, (separate and apart from fees incurred in brining the instant action), investigating and responding to Defendant's unauthorized access of Plaintiff's electronic data and/or electronic information and/or electronic communication.

**COUNT FOUR:**
**VIOLATION OF TENNESSEE CODE ANNOTATED § 39-13-601**

62. The allegations set forth in the previous paragraphs of this Complaint are hereby incorporated by reference and restated herein, verbatim.

63. By deliberately accessing Plaintiff's electronic data and/or electronic information and/or electronic communication without authorization, Defendant intentionally intercepted electronic communication in violation of Tennessee Code Annotated § 39-13-601(a)(1)(A).

64. As a direct and proximate result of Defendant's knowing, intentional and willful violation of Tennessee Code Annotated § 39-13-601, Plaintiff has sustained damages and/or is entitled to an award of statutory damages pursuant to Tennessee Code Annotated § 39-13-603(a)(1).

65. Defendant's conduct was knowing, intentional, and willful such that Plaintiff is entitled to an award of punitive damages and attorney fees pursuant to Tennessee Code Annotated § 39-13-603(a)(2) and (3).

## COUNT FIVE:
## VIOLATION OF THE TENNESSEE PERSONAL AND COMMERCIAL COMPUTER ACT OF 2003

66. The allegations set forth in the previous paragraphs of this Complaint are hereby incorporated by reference and restated herein, verbatim.

67. By deliberately accessing Plaintiff's electronic data and/or electronic information and/or electronic communication without authorization, Defendant intentionally accessed a computer and/or computer system and/or computer network without authorization in violation of Tennessee Code Annotated § 39-14-602(b)(1), a provision of the Tennessee Personal and Commercial Computer Act of 2003.

68. By deliberately accessing Plaintiff's electronic data and/or electronic information and/or electronic communication and thereafter, taking affirmative steps to attempt to conceal his improper and illegal activities, Defendant intentionally altered the data which resides or exists internal or external to a computer, computer system, or computer network without authorization in violation of Tennessee Code Annotated § 39-14-602(b)(2), a provision of the Tennessee Personal and Commercial Computer Act of 2003.

69. By deliberately accessing Plaintiff's electronic data and/or electronic information and/or electronic communication without authorization, Defendant intentionally accessed computer software and/or a computer network without authorization for the purpose of maliciously gaining access to computer material in violation of Tennessee Code Annotated § 39-14-602(b)(4), a provision of the Tennessee Personal and Commercial Computer Act of 2003.

70. As a direct and proximate result of Defendant's knowing, intentional and willful violation of the Tennessee Personal and Commercial Computer Act of 2003, Plaintiff has sustained damages/injury for which she is entitled to an award pursuant to Tennessee Code Annotated § 39-14-604(a), a provision of the Tennessee Personal and Commercial Computer Act of 2003.

## COUNT SIX:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

71. The allegations set forth in the previous paragraphs of this Complaint are hereby incorporated by reference and restated herein, verbatim.

72. Without authorization, whether expressed or implied, Defendant intentionally, deliberately, and willfully accessed Plaintiff's personal and private

electronic data and/or electronic information and/or electronic communication, including information relating to Plaintiff's private communication.

73. Defendant's conduct is so outrageous that it should not be tolerated by civilized society.

74. Defendant's extreme and outrageous conduct has led Plaintiff to suffer mental injury and/or extreme emotional distress.

75. As a direct and proximate case of Defendant's extreme and outrageous conduct, Plaintiff has suffered damages for which she is entitled an award of compensatory and punitive damages.

## COUNT SEVEN:
## RECKLESS INFLICTION OF EMOTIONAL DISTRESS

76. The allegations set forth in the previous paragraphs of this Complaint are hereby incorporated by reference and restated herein, verbatim.

77. Without any authorization, whether express or implied, Defendant intentionally, deliberately, and willfully accessed Plaintiff's personal and private electronic data and/or electronic information and/or electronic communication, including information relating to Plaintiff's private communication.

78. Defendant's conduct was perpetrated with conscious disregard for the substantial and unjustifiable risk of inflicting emotional distress on Plaintiff and thereby constitutes reckless behavior.

79. Defendant's conduct is so outrageous that it should not be tolerated by civilized society.

80. Defendant's extreme and outrageous conduct has led Plaintiff to suffer mental injury and/or extreme emotional distress.

81. As a direct and proximate case of Defendant's extreme and outrageous conduct, Plaintiff has suffered damages to which she is entitled an award of compensatory and punitive damages.

## COUNT EIGHT:
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

82. The allegations set forth in the previous paragraphs of this Complaint are hereby incorporated by reference and restated herein, verbatim.

83. Defendant owed Plaintiff a duty to refrain from inflicting severe emotional distress upon her.

84. By accessing Plaintiff's personal and private electronic data and/or electronic information and/or electronic communication, without authorization, whether express or implied, Defendant breached this duty.

85. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered mental injury and/or extreme emotional distress by which Plaintiff has suffered injury entitling her to an award of compensatory and punitive damages.

## COUNT NINE:
## INVASION OF PRIVACY

86. The allegations set forth in the previous paragraphs of this Complaint are hereby incorporated by reference and restated herein, verbatim.

87. By deliberately accessing Plaintiff's personal and private electronic data and/or electronic information and/or electronic communication, without authorization, Defendant intentionally intruded upon the solitude and seclusion of Plaintiff and/or Plaintiff's affairs and concerns.

88. Defendant's intrusion into Plaintiff's solitude and seclusion is highly offensive to any reasonable person.

89. As a direct and proximate cause of Defendant' conduct, Plaintiff has suffered damages/injury to which she is entitled to an award of compensatory and punitive damages.

## COUNT TEN:
## NEGLIGENCE

90. The allegations set forth in the previous paragraphs of this Complaint are hereby incorporated by reference and restated herein, verbatim.

91. In the alternative, Defendant owed Plaintiff a duty to refrain from accessing and/or viewing her personal and private electronic data and/or electronic information and/or electronic communication, without authorization.

92. Through his negligence, Defendant breached this duty and accessed and/or viewed Plaintiff's personal and private electronic data and/or electronic information and/or electronic communication, without her authorization.

93. As a direct and proximate result of Defendant' negligence, Plaintiff has suffered damages and injury to which she is entitled to an award of compensatory damages.

## DAMAGES

94. The allegations set forth in the previous paragraphs of this Complaint are hereby incorporated by reference and restated herein, verbatim.

95. For Defendant's violation of the Stored Communications Act, Plaintiff seeks recovery of her actual damages in an amount, to be proven at trial, but in no event

less than one thousand dollars ($1,000.00), per occurrence, as provided in 18 U.S.C. § 2707, and an award of punitive damages and attorney fees.

96. For Defendant's violation of the Electronic Communications Protection Act, Plaintiff seeks recovery of the greater of her actual damages, in an amount to be proven at trial, or ten thousand dollars ($10,000.00), per occurrence, as provided in 18 U.S.C. § 2520, and an award of punitive damages and attorney fees.

97. For Defendant's violation of the Computer Fraud and Abuse Act, Plaintiff seeks recovery of her economic damages in an amount to be proven at trial.

98. For Defendant's violation of Tennessee Code Annotated § 39-13-601, Plaintiff seeks recovery of the greater of her actual damages, in an amount to be proven at trial, or ten thousand dollars ($10,000.00), per occurrence, as provided in Tennessee Code Annotated § 39-13-603, and an award of punitive damages and attorney fees.

99. For Defendant's violation of the Tennessee Personal and Commercial Computer Act of 2003, Plaintiff seeks recovery of her actual damages, in an amount to be proven at trial.

100. For Defendant's intentional infliction of emotional distress, resulting in emotional distress to Plaintiff, Plaintiff seeks recovery of damages to be determined by a jury.

101. For Defendant's reckless infliction of emotional distress resulting in extreme emotional distress to Plaintiff, Plaintiff seeks recovery of damages to be determined by a jury.

102. For Defendant's negligent infliction of emotional distress, resulting in extreme emotional distress to Plaintiff, Plaintiff seeks recovery of damages to be determined by a jury.

103. For Defendant's invasion into Plaintiff's privacy, solitude, and seclusion, Plaintiff seeks recovery of damages to be determined by a jury.

104. For Defendant's negligence, Plaintiff seeks recovery of damages to be determined by a jury.

105. Plaintiff seeks recovery of all other damages as allowed under federal law and Tennessee law including, but not limited to, pre- and post-judgment interest, and all other relief to which she may prove entitled.

106. Plaintiff seeks recovery of punitive damages.

107. Plaintiff seeks recovery of attorney fees.

108. Plaintiff seeks recovery of litigation expenses.

109. Plaintiff prays that the costs of this action be assessed to Defendant.

110. Defendant's ongoing and unlawful utilization of illegally obtained electronic communication represents an ongoing violation of both State and Federal law. Even after being provided explicit notification of the unlawfulness of his actions, by specific notice provided to Defendant's domestic relations counsel, Mr. Beaty has continued to pursue certain litigation in the Circuit Court of Shelby County, Tennessee including a pending Petition scheduled for a hearing on November 12, 2026, which utilizes certain pleadings that exhibit unlawfully obtained electronic data. Defendant's actions present clear and unequivocal evidence of his continued willful violation of both State and Federal law. In addition to the monetary relief sought in this Complaint, Ms.

Beaty seeks injunctive relief from this Court serving to prohibit Defendant from, at any point in the future, utilizing any and all illegally obtained electronic data for any purpose. Plaintiff asserts that such injunctive relief is required as Defendant has shown his clear and unequivocal intention to not only violate the law, but to continue to violate the law even when his prior violation has been expressly noted by Plaintiff's domestic relations counsel.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Amy Beaty seeks a judgment against Eric Beaty for compensatory and statutory damages in an amount not to exceed $500,000.00, punitive damages in an amount not to exceed $1,000,000.00, and reasonable attorney fees and litigation expenses. Plaintiff further requests the injunctive relief as sought herein. Plaintiff respectfully requests that a jury be empanelled by this Honorable Court to try all factual issues and damages in this Cause, and for such other relief, both general and specific, to which Plaintiff may be entitled, including but not limited to the right to amend this Complaint.

Respectfully submitted,

**McDONALD KUHN, PLLC**

/s/ Loys A. "Trey" Jordan, III
/s/ Joseph B. Baker
Loys A. "Trey" Jordan, III (16766)
Joseph B. Baker (28046)
5400 Poplar Avenue, Suite 330
Memphis, Tennessee 38119
Office: (901) 526-0606
Email: tjordan@mckuhn.com
Email: jbaker@mckuhn.com
*Attorneys for Plaintiff,*
*Amy Beaty*